UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CARMELO GONZALEZ,

                Plaintiff,

    -against-

SOUTH'S BAR AND RESTAURANT
and 273 CHURCH STREET
ASSOCIATES,

                Defendants.
-------------------------------------------------------X

**VERIFIED ANSWER**

08 CV 4060

Defendants 273 CHURCH WALKER CORP., improperly sued herein as SOUTH'S

BAR AND RESTAURANT ("South's) and 273 CHURCH STREET ASSOCIATES ("273

CHURCH"), by their attorney, MARK S. FRIEDLANDER, ESQ., alleges for their verified

answer as follows:

## I

## ADMISSIONS AND DENIALS

1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "1" of the Complaint.

2.     Denied knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "2" of the Complaint.

3.     Admits the allegations set forth in paragraph "3" of the Complaint, to the extent

that South's Bar and Restaurant is affixed to the storefront of the premises in issue and is the

improper name used herein for 273 Church Walker Corp, the actual legal entity that is the

tenant of said premises.

4.    Admits the allegations set forth in paragraph "4" of the Complaint, to the extent that 273 Church Walker Corp., improperly sued herein as South's Bar and Restaurant is a domestic corporation organized under the laws of the State of New York, owns and operates Defendant South's at the premises in issue.

5.    Denies the allegations set forth in paragraph "5" of the Complaint.

6.    Denies the allegations set forth in paragraph "6" of the Complaint.

7.    Admits the allegations set forth in paragraph "7" of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10.    Denies the allegations set forth in paragraph "10" of the Complaint.

11.    Admits the allegations set forth in paragraph "11" of the Complaint.

12.    Denies the allegations set forth in paragraph "12" of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.    Denies the allegations set forth in paragraph "14" of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15."

16.    Denies the allegations set forth in paragraph "16" of the Complaint.

17.    Denies the allegations set forth in paragraph "17" of the Complaint.

18.    Denies the allegations set forth in paragraph "18" of the Complaint.

19.    Denies the allegations set forth in paragraph "19" of the Complaint.

20.     Denies the allegations set forth in paragraph "20" of the Complaint.

21.     Denies the allegations set forth in paragraph "21" of the Complaint.

22.     Denies the allegations set forth in paragraph "22" of the Complaint.

23.     Denies the allegations set forth in paragraph "23" of the Complaint.

24.     Denies the allegations set forth in paragraph "24" of the Complaint.

25.     Denies the allegations set forth in paragraph "25" of the Complaint.

26.     Denies the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

## II

## DEFENSES

### AS AND FOR A FIRST SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

30.     Defendants SOUTH'S and 273 CHURCH allege that Plaintiff has failed to state a cause of action against Defendants SOUTH'S and 273 CHURCH upon which relief may be granted.

### AS AND FOR A SECOND SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

31.     Defendants SOUTH'S and 273 CHURCH allege that this Court lacks subject matter jurisdiction over this dispute, and therefore this Court is an improper venue for this action.

### AS AND FOR A THIRD SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

32.    Some or all of the claims set forth in the Complaint are barred because the applicable administrative procedures, conditions precedent and statutory prerequisites were not properly effectuated, complied with or exhausted prior to the commencement of this action.

### AS AND FOR A FOURTH SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

33.    Plaintiff has not suffered any harm or injury entitling him to any relief in this action.

### AS AND FOR A FIFTH SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

34.    This Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

### AS AND FOR A SIXTH SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

35.    Defendants SOUTH'S and 273 CHURCH allege that each of the causes of action asserted in the Complaint are barred as Defendants' actions were, at all times, based and done pursuant to legitimate, non-discriminatory reasons.

### AS AND FOR A SEVENTH SEPARATE, COMPLETE AND AFFIMATIVE DEFENSE

36.    Defendants SOUTH'S and 273 CHURCH allege that each of the causes of action contained in Plaintiff's Complaint must be dismissed as Plaintiff has failed to name and serve the correct legal entity that is the bona fide tenant of the premises in issue.

### AS AND FOR A EIGHTH SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

37.    Plaintiff is not entitled to the type or amount of relief requested against Defendants including, but not limited to, actual damages and, therefore, all such claims for said relief should be dismissed.

4

## AS AND FOR A NINTH SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

38.    Defendants SOUTH'S and 273 CHURCH allege that each of the causes of action asserted in the Complaint are barred by the doctrine of latches and/or the applicable statues of limitation.

## AS AND FOR A TENTH SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

39.    Defendants SOUTH'S and 273 CHURCH allege that each of the causes of action asserted in the Complaint are barred, in whole or in part, because of the doctrines of waiver and/or estoppel.

## AS AND FOR A ELEVENTH SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

40.    Defendants SOUTH'S and 273 CHURCH allege that Plaintiff's Complaint, including each cause of action alleged therein, is barred because the removal of architectural barriers is not readily achievable without causing Defendants undue hardship, within the meaning of 42 U.S.C. § 12181(9),  42 U.S.C. § 12182(b)(2)(a)(iv) and NYC Human Rights Law § 8-102(18).

## AS AND FOR AN TWELFTH SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

41.    Defendants SOUTH'S and 273 CHURCH allege that Plaintiff's Complaint, including each cause of action alleged therein, is barred because the structural modifications, requested by Plaintiff, would pose a direct threat to the health or safety of others, within the meaning of 42 U.S.C. § 12182(b)(3).

5

## AS AND FOR A THIRTEENTH SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

42.     Defendants SOUTH'S and 273 CHURCH allege that Plaintiff lacks standing to seek injunctive relief under Title III of the American with Disabilities Act, 42 U.S.C. § 12188 *et seq.*, or any other federal or state statutory authority.

## AS AND FOR A FOURTEENTH SEPARARTE, COMPLETE AND AFFIRMATIVE DEFENSE

43.     Defendants SOUTH'S and 273 CHURCH allege that the building in which the public accommodation at issue is located is designated as a historic landmark under New York law and it is not feasible to provide physical access to the restaurant in a manner that will not threaten or destroy the historic significance of the building.

## AS AND FOR AN FIFTEENTH SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

44.     Defendants SOUTH'S and 273 CHURCH allege that any and all alterations made at the premises on or after January 26, 1992 were not of the nature of affecting the usability of or access to an area of the public accommodation that contains a primary function pursuant to 42 U.S.C. § 12183 and 28 C.F.R. 36.403.

## AS AND FOR A SIXTEENTH SEPARATE, COMPLETE AND AFFIRMATIVE DEFENSE

45.     Defendants SOUTH'S and 273 CHURCH allege that their practices, contrary to the allegations in the Complaint, are lawful.

**WHEREFORE**, SOUTH'S BAR AND RESTAURANT and 273 CHURCH STREET ASSOCIATES pray Plaintiff take nothing by his complaint, that this suit be dismissed with prejudice, that SOUTH'S and 273 CHURCH be awarded their costs of suit incurred herein, that SOUTH'S and 273 CHURCH be awarded attorneys' fees incurred herein, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      July 21, 2008

                    MARK S. FRIEDLANDER, ESQ. (MF-0092)
                    Attorney for Defendants
                    15 Maiden Lane – Suite 2000
                    New York, New York 10038
                    (212) 962-2877

TO:    Law Office of Martin J. Coleman, P.C.
        100 Crossways Park Drive West, Suite 412
        Woodbury, New York 11797